Jere C. Overdyke III, P.C. (WSB# 6-4248)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
Email: jcoverdyke@hollandhart.com

Samuel R. Yemington (WSB #7-5150)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Email: sryemington@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHESAPEAKE OPERATING, L.L.C. AND CNOOC ENERGY U.S.A. LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 19CV43-J ) |
| SKYBLUE ENTERPRISES, INC. D/B/A D&D OILFIELD SERVICE, | ) ) ) |
| Defendant. | ) ) |

## CHESAPEAKE OPERATING, L.L.C. AND CNOOC ENERGY U.S.A. LLC'S ORIGINAL COMPLAINT

Plaintiffs Chesapeake Operating, L.L.C. and CNOOC Energy U.S.A. LLC (collectively, Plaintiffs) file this Complaint against Defendant Skyblue Enterprises, Inc, d/b/a D&D Oilfield Service and in support thereof show as follows:

### I. PARTIES

1. Plaintiff Chesapeake Operating, L.L.C. (Chesapeake) is a corporation formed under the laws of the State of Oklahoma and has its principal place of business in Oklahoma City, Oklahoma.

2. Plaintiff CNOOC Energy U.S.A. LLC (CNOOC), formerly known as OOGC America LLC, is a limited liability company formed under the laws of the State of Delaware and has its principal place of business in Houston, Texas.

3. Defendant Sky Blue Enterprises, Inc. D/B/A D&D Oilfield Service (D&D) is an entity formed under the laws of the State of Wyoming, with its principal place of business in Wyoming. D&D may be served through its registered agent, Jennifer Englehart at 707 Riner Ave., Wamsutter, Sweetwater County, Wyoming 82336. Service is requested at this time.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon complete diversity of citizenship pursuant to). The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in the District of Wyoming pursuant to 28 U.S.C. §1391(a).

6. An actual case or controversy of a justiciable nature exists between Plaintiffs and D&D.

## III. FACTS

7. This suit arises from a control of well and resulting fire incident on September 6, 2015, involving the Combs Ranch 29-33-70-B-9H Well (Well 9H) located in Converse County, Wyoming. Chesapeake is the designated well operator with a working interest of 82.14 percent. CEU is a non-operating participating partner with a 15.36 percent working interest.

8. The Combs Ranch 29B multi-well pad is comprised of six wells which had been drilled and completed prior to the incident of September 6, 2015. The six wells are identified as the 3H, 7H, 5H, 9H, 11H and 13H Wells, all of which had been spudded, perforated, and completed with multi-stage frac operations at the time of the incident. 13H and 11H were

already in production. The remaining four wells were prepared with production trees installed and awaiting flow-back operations to place them on production.

9. On September 6, 2015, flow-back operations were being performed at Well 9H. Flowback operations refer to removal of sand, water, and other drilling fluids left in a well after fracking and completion operations.

10. Prior to the flowback operations, Chesapeake hired D&D to help prepare the wells, pursuant to a Master Service Agreement dated on or about February 21, 2011. In the days leading up to the incident, D&D connected wellhead piping on Well 9H to a flowline, including the installation of a riser (the "9H Riser") to measure pressure in the well. The 9H Riser connected a valve on the well to a data acquisition unit, which is a remote monitoring and control system. The 9H Riser consisted of a vertical pipe on top of a horizontal elbow-shaped pipe, called a vertical nipple and a horizontal nipple, respectively. The horizontal nipple was connected by a flange to a valve on Well 9H. To install the 9H Riser, D&D cut and threaded the horizontal and vertical nipples onsite. Post-incident investigation revealed the cuts were not square, so that the angle at the end of the pipe was not perfectly perpendicular to the longitudinal axis of the pipe. The negligently cut pipe prevented the threads from being properly engaged, and the amount of pressure from the well was sufficient to break the connections. Gas therefore escaped through this breach during the flowback operations, causing extensive damage upon ignition to Well 9H and the surrounding five wells.

11. All six wells were successfully killed and capped by the evening of September 15, 2015. After the wellheads and production trees of all six wells had been replaced, Chesapeake commenced the wellbore restoration activities. Chesapeake was eventually successful in restoring all six wells and placing them on production.

12. Plaintiffs incurred substantial costs to control the six wells and restore them to their original condition, in addition to pollution and clean-up expenses resulting from the gas leak and fire.

### IV. CAUSES OF ACTION—NEGLIGENCE

13. The allegations contained in paragraphs 1 through 12, inclusive, are incorporated herein.

14. The incident described above was proximately caused by the negligence of D&D in failing to act as a reasonably prudent contractor would under the same or similar circumstances, specifically, in one or more of the following manners, acting through its personnel:

   a. D&D failed to conduct its operations at the 9H Well as a reasonable, prudent contractor would have in the same or similar circumstances, including training of its personnel;

   b. D&D failed to use ordinary care in hiring the employee who performed the installation of the 9H Riser;

   c. D&D failed to use ordinary care in training the employee who performed the installation of the 9H Riser;

   d. D&D failed to use ordinary care in the supervision of the employee who performed the installation of the 9H Riser;

   e. D&D failed to use ordinary care in performing the installation of the 9H Riser;

   f. D&D failed to use ordinary care in inspecting and/or testing the installation of the 9H Riser to ensure it could withstand the amount of pressure in Well 9H; and

  g.  In other particular manners that may be discovered during the course of the lawsuit.

Additionally, D&D breached its independent duty to exercise reasonable care and not injure or damage Plaintiffs or their property in the performance of its Master Service Agreement with Chesapeake.

## V. **SUBROGATION (NOT TO BE READ TO THE JURY)**

  15.  Certain Underwriters at Lloyd's London and Navigators Insurance Company, New York, U.S.A., per London Branch, subscribing to Combined Policies EG0048415/EG0118115, respectively (collectively, Underwriters), insured Chesapeake Energy Corporation and its subsidiaries as set forth in the referenced policies and paid a portion of the damages resulting from the incident, as directed by their insureds. Underwriters are subrogated to the rights of Chesapeake, as the part owner and designated well operator at the time of the incident.

  16.  National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") insured CNOOC and its subsidiaries and affiliates, as set forth in Policy No. 13755922, and paid a portion of the damages resulting from the incident, as directed by its insured. National Union is subrogated to the rights of CNOOC, as the non-operating participating partner of the wells at the time of the incident.

  17.  The Underwriters and National Union have instituted this suit in the name of their respective insureds under the exercise of their subrogation rights and will be bound by the judgment in this case.

## VI. CONDITIONS PRECEDENT

18. All conditions precedent to relief sought herein have occurred or have been performed.

## VII. JURY DEMAND

19. Plaintiffs demand a trial by a jury of six (6) persons on all issues of fact.

## PRAYER

For the reasons set forth herein, Plaintiffs respectfully request that the Court issue citation for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for:

a. Actual damages;

b. Pre-judgment and post-judgment interest;

c. Costs; and,

d. All other relief, general or special, at law or in equity, to which Plaintiffs are justly entitled.

DATED: February 28, 2019.

*[signature]*

Jere C. Overdyke III, P.C. (WSB# 6-4248)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
Email: jcoverdyke@hollandhart.com

Samuel R. Yemington (WSB #7-5150)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Email: sryemington@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

12074445_1.doc